UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CINDY DESOTELLE,

        Plaintiff,

  v.

                              Case No. 20-cv-1283-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, she is not married, and she has a 10-year-old daughter she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff's monthly income is $1,132 ($792 child support, $340 food stamps). Id. at 2. In addition, the plaintiff sold a small parcel of vacant land for $744 within the last twelve

1

months. Id. The plaintiff's listed monthly expenses total at most $1,133 ($798 other household expenses, $100-$150 gas, $60 cigs, $100-$125 household, etc.). Id. at 2-3. The plaintiff owns her home, worth approximately $35,000, free and clear; she owns a 2003 Jeep Liberty worth approximately $1,500; she has $2,500 in cash on hand or in a checking or savings account; and she owns a 50' x 75' piece of vacant land worth approximately $400. Id. at 3-4. The plaintiff states, "I'm living on 100% child support at this time. and food stamps. child support was 650.00 until May 2020 raised to 792.00. He quit his job. so I had 0.00 from June 29th till Aug 5th." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she was denied benefits by the Commissioner of Social Security, that she is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt.

2

No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 21st day of August, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**